IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHNNY E. BOWLES                                                                        PLAINTIFF

V.                                    CASE NO. 4:20-CV-00477-JTK

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

## ORDER

### I.   Introduction:

Plaintiff, Johnny E. Bowles ("Bowles"), applied for disability insurance benefits on August 15, 2017, alleging a disability onset date of January 1, 2014.[1] (Tr. at 8). The claim was denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied Bowles's application. (Tr. at 13). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Bowles has requested judicial review.

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

### II.   The Commissioner's Decision:

The ALJ found that Bowles had not engaged in substantial gainful activity during the period beginning on January 1, 2014 and ending on March 31, 2016. (Tr. at 10). The ALJ found, at Step Two of the sequential five-step analysis, that Bowles had the following impairments: back pain with remote history of surgery and hypertension. *Id.* However, after a review of the record and listening to hearing testimony from Bowles, the ALJ held that the impairments were not

---

[1] Bowles date-last-insured was March 31, 2016, which means the relevant time-period for determination of eligibility for benefits runs from January 1, 2014 through March 31, 2016. (Tr. at 8, 13).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

severe. *Id*. Therefore, the ALJ found that Bowles was not disabled. (Tr. at 13).

## III.   <u>Discussion</u>:

### A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

### B. Bowles's Arguments on Appeal

Bowles contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ should have found his back impairment to be severe at Step Two. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two.

2

*Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

Bowles had a back fusion surgery 15 years prior to the hearing. (Tr. at 223). However, he only submitted a handful of records from the relevant time-period. (Tr. at 219-230). His main complaints were high blood pressure and some back pain. *Id*. He had some limited range of motion in his back, but normal gait and no atrophy. *Id*. There were no objective imaging tests done in the relevant time-period. *Id*. He did not seek out physical therapy or a pain management specialist. He did not require hospitalization. *Id*. He was treated conservatively with pain medication, which was effective and had no side effects. (Tr. at 26).

Bowles stated in his disability application that he worked in masonry until June 13, 2017, after the relevant time-period. (Tr. at 177-178). He also said he could prepare simple meals, shop for groceries, ride a riding mower, walk some each day, and visit with family.[3] (Tr. at 170-172). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

It is well-settled that a Plaintiff has the burden of proving his disability. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). Bowles did not carry that burden; he did not show that his back condition was severe during the relevant time-period. The ALJ did not err at Step Two.[4]

**IV.   <u>Conclusion</u>:**

There is substantial evidence to support the Commissioner's decision to deny benefits.

---

[3] At the hearing, he said he was very limited in his daily activities but the medical evidence (or the lack thereof) undercuts that allegation. (Tr. at 24-40).

[4] Nor did the ALJ err in his questioning of the VE, as Bowles alleges. The ALJ inquired if Bowles could perform his past relevant work, and then whether he could perform any work at the medium or light level. (Tr. at 40-42). But the ALJ found no severe impairment at Step Two, so VE testimony about work ability was not consequential to this case.

The ALJ did not err at Step Two. The finding that Bowles was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

   IT IS SO ORDERED this 14th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE